**CAISHEN CHEN, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

**No. 09–3712–ag.**

United States Court of Appeals, Second Circuit.

Oct. 25, 2010.

Jan Allen Reiner, New York, NY, for Petitioner.

Tony West, Assistant Attorney General, Emily Anne Radford, Assistant Director, Craig A. Newell, Jr., Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: GUIDO CALABRESI, REENA RAGGI, and PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

Petitioner Caishen Chen, a native and citizen of China, seeks review of the August 3, 2009, order of the BIA, affirming the November 30, 2007, decision of Immigration Judge ("IJ") Barbara A. Nelson denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Caishen Chen,* No. A098 291 905 (B.I.A. Aug. 3, 2009), *aff'g* No. A098 291 905 (Immig. Ct. N.Y. City Nov. 30, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008); *Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

The BIA correctly found that Chen was ineligible for relief based solely on his wife's forced sterilization. *See Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 309–10 (2d Cir.2007); *Matter of J–S–,* 24 I & N Dec. 520 (A.G.2008); *see also Matter of S–L–L–,* 24 I & N Dec. 1 (BIA 2006). Contrary to Chen's argument, the BIA did not err in its application of law because, as a general rule, the BIA applies the law in effect at the time it enters its decision. *See* 8 C.F.R. § 1003.1(d)(3)(ii) (BIA has authority on appeal to review questions of law *de novo* ); *cf. NLRB v. Coca–Cola Bottling Co.,* 55 F.3d 74, 78 (2d Cir.1995) ("Appellate courts ordinarily apply the law in effect at the time of the appellate decision.")(internal quotation marks omitted). Moreover, the agency reasonably found that, even assuming Chen's credibility and

that he had resisted China's family planning policy by engaging in an altercation with family planning officials as he was trying to see his wife who had been brought in for an abortion, the harm he suffered during that confrontation with family planning officials did not rise to the level of persecution. *See Beskovic v. Gonzales,* 467 F.3d 223, 225–26 (2d Cir.2006); *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341–42 (2d Cir.2006).

The BIA also observed that Chen did not present sufficient evidence to demonstrate that he had a well-founded fear of future persecution based on any "resistance." However, as the government argues, in its opening brief before us, Chen does not challenge that finding. Additionally, Chen does not challenge the agency's denial of his application for withholding of removal and CAT relief.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).